UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KRISTIN C., | |
| Plaintiff, | Case No. C21-1284-MLP |
| v. | ORDER |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

## I.   INTRODUCTION

Plaintiff seeks review of the denial of her application for Disability Insurance Benefits. Plaintiff contends the administrative law judge ("ALJ") erred in discounting her testimony, the lay statements, and certain medical opinions. (Dkt. # 8 at 1.) As discussed below, the Court REVERSES the Commissioner's final decision and REMANDS the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## II.   BACKGROUND

Plaintiff was born in 1974, has one year of college education and training as a certified nursing assistant, and previously worked as a medical assistant and patient care technician. AR at 183. Plaintiff was last gainfully employed in 2016. *Id.*

ORDER - 1

<mark>Case 2:21-cv-01284-MLP   Document 11   Filed 04/01/22   Page 2 of 6</mark>

      In October 2016, Plaintiff applied for benefits, alleging disability as of June 29, 2016. AR at 160-61. Plaintiff's application was denied initially and on reconsideration, and Plaintiff requested a hearing. *Id*. at 91-97, 99-105, 107-08. After the ALJ conducted a hearing in June 2018 (*id*. at 32-63), the ALJ issued a decision finding Plaintiff not disabled. *Id*. at 15-26.

      The Appeals Council denied Plaintiff's request for review (AR at 1-6), and the U.S. District Court for the Western District of Washington granted the parties' stipulation to reverse the ALJ's decision and remand for further administrative proceedings. *Id*. at 656-57. The ALJ held another hearing in April 2021 (*id*. at 597-626), and subsequently issued another decision finding Plaintiff not disabled. *Id*. at 578-90. Plaintiff appealed the final decision of the Commissioner to this Court. (Dkt. # 1.)

### III. LEGAL STANDARDS

      Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id*.

      "Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d

ORDER - 2

1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

### IV.   DISCUSSION

The ALJ summarized Plaintiff's allegations and explained that he discounted them because: (1) her testimony of disabling headaches and fibromyalgia is inconsistent with the medical records showing a decrease in headaches with medication and minimal findings of functional limitations or positive tender points, and (2) she overused her medications intended for breakthrough pain and did not seek non-narcotic management of her fibromyalgia or back pain. AR at 583-86. Absent evidence of malingering, an ALJ is required to provide clear and convincing reasons to discount a claimant's testimony. *See Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014).

As to the ALJ's first reason, the ALJ cited evidence showing that Plaintiff experienced fewer migraines than alleged after she started a new medication. AR at 583-84 (citing *id*. at 317, 339, 372, 1058). Although Plaintiff reported at the hearing that she was experiencing 3-4 migraines per week even with medication and that her abortive medication did not help stop a migraine once it started (*id*. at 611-12), the ALJ cited evidence showing that she reported to providers that she was experiencing only about one per week and that abortive medication was effective. *See id*. at 317, 339, 372, 1058. The ALJ thus reasonably found that Plaintiff's allegations pertaining to her migraines were inconsistent with the record, and did not err in discounting that testimony on this basis. *See Carmickle v. Comm'r of Social Sec. Admin.*, 533

F.3d 1155, 1161 (9th Cir. 2008) ("Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony.").

      The ALJ also found Plaintiff's fibromyalgia allegations to be inconsistent with the record, but the ALJ's reasoning here is problematic. The ALJ found Plaintiff's allegations of disabling pain and weakness inconsistent with examination findings showing normal strength, normal gait, and negative straight leg raise testing (AR at 584-85), but these findings do not generally undermine Plaintiff's allegations of disabling fibromyalgia pain. Although there is some inherent contradiction between an allegation of weakness and a finding of full strength, the Appeals Council nonetheless faulted the ALJ for relying on normal examination findings because fibromyalgia symptoms wax and wane. *See id*. at 661 (citing Social Security Ruling ("SSR") 12-2p). The ALJ acknowledged that fibromyalgia symptoms wax and wane and emphasized that he considered the longitudinal record (*id*. at 585-86), but again improperly focused on objective findings without appreciating the unique features of fibromyalgia. *See Revels v. Berryhill*, 874 F.3d 648 (9th Cir. 2017). This approach is not consistent with Ninth Circuit precedent, agency guidance, or the Appeals Council's order.

      Likewise, the ALJ's second reason is not convincing because it is not supported by substantial evidence. No provider found that Plaintiff was overusing or otherwise abusing her medications, and her providers instead indicated the opposite. *See, e.g.*, AR at 889 (provider reviewed Plaintiff's prescription information in the Washington state database and found "no aberrant prescriptions"), 897 (same). Moreover, the record indicates that Plaintiff did try other conservative treatments before starting and in addition to narcotic pain medication. *See, e.g., id*. at 51 (Plaintiff's hearing testimony regarding cortisone shots for her back pain, before the adjudicated period), 53-54 (Plaintiff's hearing testimony regarding her experience treating

ORDER - 4

fibromyalgia with anti-depressants, before the adjudicated period), 879 (listing non-steroidal anti-inflammatory medication, physical therapy, and massage as other treatments previously attempted), 893 (recommending ice/heat and stretches for Plaintiff's low back pain and fibromyalgia). Even if Plaintiff primarily treated her fibromyalgia and back pain via narcotic pain medication during the adjudicated period, her prescribers did not find anything inappropriate about that course of treatment and never suggested that she was drug-seeking or otherwise using her medications inappropriately. The ALJ thus merely speculated and offered a non-expert medical opinion that Plaintiff's mode of treatment undermined her allegations, but this interpretation of the record is not supported by substantial evidence and is therefore erroneous. *See* SSR 86-8, 1986 WL 68636, at *8 (Jan. 1, 1986) ("Reasonable inferences may be drawn, but presumptions, speculations and suppositions should not be substituted for evidence.").

Accordingly, the Court finds that the ALJ erred in discounting Plaintiff's fibromyalgia symptoms, and that this error permeates other parts of the ALJ's decision. To the extent that the ALJ repeated those same reasons to discount the opinions of treating providers Paul Brown, M.D., and Kristine Brecht, M.D. (AR at 586-87), as well as the lay statements (*id*. at 587-88), the Court finds the ALJ's assessment of those opinions to be likewise erroneous. The ALJ shall reconsider Plaintiff's fibromyalgia allegations, the lay statements, and the opinions of Drs. Brown and Brecht on remand.[1]

---

[1] Although Plaintiff requested a remand for a finding of disability, the Court finds that a remand for further proceedings is the appropriate remedy because Plaintiff has not shown that the record is free of conflicts, such that further proceedings would be useless. *See Treichler v. Comm'r of Social Sec. Admin.*, 775 F.3d 1090, 1105 (9th Cir. 2014) (finding that if the record is "uncertain and ambiguous," the matter is properly remanded for further proceedings).

ORDER - 5

## V. CONCLUSION

For the foregoing reasons, the Commissioner's final decision is REVERSED, and this case is REMANDED for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). On remand, the ALJ should reconsider Plaintiff's fibromyalgia allegations, the lay statements, and the opinions of Drs. Brown and Brecht, and reconsider any other part of the decision as necessary.

Dated this 1st day of April, 2022.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER - 6